UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v().    Case No. 5:22cv105-AW-HTC

MARTIN WALSH, et al.,

    Defendants.

_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Linda Chase, proceeding *pro se*, has filed a second amended complaint. After reviewing the complaint, the undersigned recommends that all of Plaintiff's claims be dismissed, except for her Freedom of Information Act ("FOIA") claim. Because Plaintiff paid the $402 filing fee, she is responsible for serving the second amended complaint on the Department of Labor ("DOL") in the manner prescribed by Rule 4(i) of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

Plaintiff is a former United States Postal Service employee. Her second amended complaint names twelve (12) Defendants: Martin Walsh, the Secretary of Labor; Merrick Garland, the U.S. Attorney General; Jason Coody, the U.S. Attorney for the Northern District of Florida; Janice Askin, Patricia Fitzgerald, and Valerie

Evans-Harrell, judges with the Employees' Compensation Appeals Board ("ECAB"); Thomas Shepard, the Clerk of the Appellate Boards with the DOL; Catherine Carter, an attorney with the DOL; Amy DeRocher, an employee of the DOL; Sam Filson, a DOL claims examiner; Valerie McDowell, an employee of the DOL; and Arginia Karamoto, a FOIA specialist with the DOL.  The second amended complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this Report and Recommendation.

On February 26, 2019, Plaintiff filed a workers' compensation claim with the DOL.  The claim was denied initially, but Plaintiff appealed to the Branch of Hearings and Review in July 2019.  On November 15, 2019, the Branch denied Plaintiff's claim with modifications.  Plaintiff then used an AB-1 form to file an appeal with the ECAB, which was received on December 26, 2019.  On December 10, 2020, Plaintiff accessed her online account and learned her claim had been approved.  Plaintiff "took a screenshot of the approval which show[ed] FEC status approved and decision date bore the number 1573776000."  Plaintiff began submitting her CA-7 claim for compensation forms on December 22, 2020; on January 9, 2021, she received an email notification regarding her case but could not access the document until April 18.  The notification concerned a letter dated January 9, 2021, which informed her she "had 30 days to name [her] representative or [her] claim would be denied."  This confused Plaintiff, as both her AB-1 form and online

registration showed she was proceeding *pro se* and "there was no need for [her] to name [her] representative." Nevertheless, on May 27, 2021, Plaintiff wrote her name on an AB-1 form and "faxed it in."

Defendants Askin, Fitzgerald, and Evans-Harrell of the ECAB denied Plaintiff's claim on June 2, 2021. Due to "discrepancies in this decision," Plaintiff unsuccessfully attempted to contact Defendants DeRocher and Carter, as "they were listed as having access to [Plaintiff's] claim." Plaintiff continued to email her CA-7 forms to the United States Postal Service, DeRocher, and her assigned claims examiner, Defendant Filson. Plaintiff maintains she has "yet to receive any compensation for [her] on the job injury."

On April 26, 2021, Plaintiff submitted a FOIA request to Defendant Shepard but the "FOIA request was not honored." Thus, on June 18, 2021, Plaintiff emailed a FOIA request to the DOL website. Defendant McDowell contacted Plaintiff "for clarity on [her] request." Plaintiff requested her entire ECAB case file, including the ECAB decision dated November 14, 2020, associated with the number 1573776000. On June 30, 2021, Defendant Karamoto sent Plaintiff an email asking for her phone number. Plaintiff responded, reiterating she wanted a copy of ECAB's November 14, 2020 decision. Plaintiff asserts she has not received a copy of the requested decision.

On April 29, 2022, Plaintiff emailed "proof/evidence of fraud [and] abuse of DOL employees to" the DOL Office of Inspector General's whistleblower email address. Plaintiff has not received a response to her whistleblower complaint.

Based on the foregoing, Plaintiff alleges violations of the Rehabilitation Act, the Federal Employees' Compensation Act ("FECA"), the Americans with Disabilities Act ("ADA"), the FOIA, and the Whistleblower Protection Enhancement Act ("WPEA"). As relief, Plaintiff seeks $1.5 million in damages, the payment of FECA benefits, a copy of the November 14, 2020, ECAB decision, and her "pension to be paid by OWCP/FECA."

## II. LEGAL STANDARD

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted).

In addition, to state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct

alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

#### A. Rule 8

Fed. R. Civ. P. 8 requires a complaint to contain a short and plain statement of the claim showing Plaintiff is entitled to relief. However, the statement of facts in Plaintiff's second amended complaint contains no factual allegations about Defendants Walsh, Garland, and Coody. As the Court previously advised Plaintiff, she is required to identify which claim she is asserting against each Defendant. ECF Docs. 5, 22. Thus, any claims Plaintiff intended to bring against Walsh, Garland, or Coody should be dismissed because Plaintiff has failed to plead factual content which allows the Court to draw the reasonable inference those Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

#### B. FECA

"The FECA is a comprehensive and exclusive workers' compensation scheme for federal civilian employees who are injured or killed while performing their work duties." *Gilmore v. Director, U.S. Dep't of Lab., Off. of Workers Comp.*, 455 F.

App'x 934, 936 (11th Cir. 2012) (citation omitted).  The "FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (quotation marks and citation omitted).  "However, there are two instances in which a federal court may exercise jurisdiction over a final decision of the Secretary under the FECA, namely, when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim." *Gilmore*, 455 F. App'x at 936.

Here, Plaintiff does not specify the basis for her FECA claim.  And she does not allege a constitutional claim or that the Secretary violated a clear statutory mandate or prohibition.  Although Plaintiff may be dissatisfied with the denial of her workers' compensation claim, this Court cannot review that decision, as "[c]onclusions of law and fact made by the Secretary or the ECAB are . . . immune from judicial review." *Woodruff v. U.S. Dep't of Lab.*, 954 F.2d 634, 637 (11th Cir. 1992) (citing 5 U.S.C. § 8128(b)).  Plaintiff's FECA claim, therefore, is frivolous and subject to dismissal.

## C. ADA and Rehabilitation Act[1]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a claim under either statute, a plaintiff must allege: "(1) that [she] is a qualified individual with a disability; (2) that [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007); *see also Henderson v. Thomas*, 913 F. Supp. 2d 1267, 1287 (M.D. Ala. 2012) ("Claims

---

[1] Plaintiff does not specify which Title of the ADA she alleges Defendants violated. The Court assumes she is invoking Title II, as that Title prohibits discrimination by governmental entities, while Title I prohibits discrimination by employers and Title III prohibits discrimination by private entities in places of public accommodation. *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001).

Case No. 5:22cv105-AW-HTC

under both [the ADA and Rehabilitation Act] are governed by the same standards.") (citations omitted).

Here, Plaintiff does not allege she is a qualified individual with a disability or that she suffered any discrimination because of a disability. The mere fact Plaintiff did not prevail in an administrative proceeding relating to a workers' compensation claim is not sufficient to establish an ADA or Rehabilitation Act claim. Furthermore, Plaintiff cannot use the ADA or Rehabilitation Act to launch a collateral attack on an unfavorable decision under FECA. *See Oja v. Napolitano*, 2013 WL 3730092, at *7 (W.D. Mich. July 15, 2013) ("A Rehabilitation Act claim challenging a decision to terminate worker's compensation benefits under FECA is nothing more than a collateral challenge which is precluded by FECA.") (citations omitted). Thus, Plaintiff's ADA and Rehabilitation Act claims should be dismissed.

**D. WPEA**

Plaintiff bases her WPEA claim on the fact she has not received a response to an email she sent to the DOL's OIG containing "proof/evidence of fraud [and] abuse of DOL employees." However, the Whistleblower Protection Act ("WPA") and the WPEA only prohibit employers from retaliating against employees who make certain disclosures. *See Guzman v. Office of Personnel Mgmt.*, 53 F. App'x 927, 929 (Fed. Cir. 2002) (noting a WPA claim must be based on "disclosures made, and retaliation taken, during the period that the complainant was an employee or

applicant"); *Austin v. Tesla, Inc.*, 2020 WL 12772245, at *3 (N.D. Cal. May 6, 2020) (noting the WPA and WPEA "apply only to federal government employees"). Plaintiff cannot state a claim under the WPA or WPEA because she did not make a protected disclosure while she was an employee of the DOL and she does not allege she suffered any adverse action as a result of her email.

### E. FOIA

Plaintiff's second amended complaint alleges two DOL employees—Defendants McDowell and Karamoto—violated the FOIA by failing to provide her with the November 14, 2020, ECAB decision associated with number 1573776000. However, "[t]he FOIA may be enforced only against 'agencies.'" *Sikes v. United States*, 987 F. Supp. 2d 1355, 1364 (S.D. Ga. 2013) (citing 5 U.S.C. § 552(a)(3)(A)); *see also Petrus v. Bowen*, 833 F.2d 581, 582-83 (5th Cir. 1987) (finding FOIA "authorizes actions against agencies" and "individual officers of federal agencies are not proper parties to a FOIA action"). Thus, the Court will substitute the DOL as the Defendant for Plaintiff's FOIA claim. *See Santini v. Taylor*, 555 F. Supp. 2d 181, 184 (D.D.C. 2008) (holding the court "lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity") (citation omitted).

However, Plaintiff is advised that injunctive relief is the only remedy available in a FOIA action; she will not be able to recover monetary damages. *See*

*Cavezza v. U.S. Dep't of Justice*, 113 F. Supp. 3d 271, 277 (D.D.C. 2015) ("FOIA does not permit monetary damages"); *Davis v. Att'y Gen.*, 562 F. Supp. 2d 156, 159 (D.D.C. 2008) ("[T]he FOIA does not provide for monetary damages but rather authorizes the district court only 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'") (quoting 5 U.S.C. § 552(a)(4)(B)).

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's only nonfrivolous claim is her claim that the DOL failed to comply with the FOIA by not producing the documents she requested.  All of Plaintiff's other claims are frivolous and should be dismissed.  As previously indicated, Plaintiff is responsible for promptly serving the DOL so it can respond to her allegation that it failed to comply with the FOIA.

Accordingly, it is ORDERED:

1.   The clerk is directed to add the Department of Labor as a Defendant.

2.   The clerk shall issue a summons for the Department of Labor.  The clerk shall send the summons to Plaintiff.

3.   Plaintiff shall have **twenty-one (21) days** to serve the summons and second amended complaint on the Department of Labor.  Service must be completed in the manner prescribed by Rule 4(i) of the Federal Rules of Civil Procedure.  The

service copies of the second amended complaint must be identical to the second amended complaint filed with the Court.

And it is recommended:

1.   That Plaintiff's ADA, Rehabilitation Act, FECA, and WPEA claims be DISMISSED.

2.   That the clerk be directed to terminate Martin Walsh, Merrick Garland, Jason Coody, Janice Askin, Patricia Fitzgerald, Valerie Evans-Harrell, Thomas Shepard, Catherine Carter, Amy DeRocher, Sam Filson, Valerie McDowell, and Arginia Karamoto as Defendants.

At Pensacola, Florida, this 21st day of October 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.