UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v.                                              Case No. 5:22cv105-AW-HTC

U.S. DEPARTMENT OF LABOR,

    Defendant.

_____/

REPORT AND RECOMMENDATION

On October 21, 2022, the Court ordered Plaintiff to serve the summons and second amended complaint on the U.S. Department of Labor ("DOL") in the manner prescribed by Rule 4(i) of the Federal Rules of Civil Procedure. ECF Doc. 28. On November 8, Plaintiff filed an affidavit indicating she served the DOL by mailing the summons and complaint to the DOL's office in Washington, D.C., on October 26. ECF Doc. 35. This attempt at service was deficient,[1] since Plaintiff did not indicate: (1) she properly served the U.S. Attorney for the Northern District of

---

[1] Fed. R. Civ. P. 4(i)(2) states that to serve a United States agency, a party must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency. To serve the United States, a party must: (1) deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk; or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; and (2) send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)-(B).

Florida or the Attorney General of the United States;[2] and (2) the mail she sent to the DOL was registered or certified.

Thus, on December 15, 2022, the Court advised Plaintiff of these deficiencies and ordered her to, within twenty-one days, properly serve the DOL in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure. ECF Doc. 51. The December 15 Order warned Plaintiff that if she failed to properly serve the DOL, her case could be dismissed for failure to comply with a Court order or failure to effect timely service under Rule 4(m).

After the Court issued the December 15 Order, Plaintiff did not submit the proof of service required by the Federal Rules of Civil Procedure.[3] *See* Fed. R. Civ. P. 4(l) (noting that unless service is waived, proof of service must be made to the court and proof must be by the server's affidavit). Instead, on January 9, 2023, Plaintiff submitted a motion for summary judgment (now stricken) which suggested she believed she properly served the DOL in October 2022, ECF Doc. 54 at 1, despite the Court advising her otherwise in the December 15, 2022, Order.

---

[2] Plaintiff filed affidavits indicating she mailed the summons and complaint to Merrick Garland and Jason Coody, but she sent the documents to the DOL's address. ECF Docs. 37, 38.

[3] On January 4, 2023, an Assistant United States Attorney filed a notice of appearance on behalf of the DOL. ECF Doc. 53. The notice of appearance did not indicate service had been properly completed on the DOL and the notice does not constitute a waiver of service. *See Pouyeh v. Pub. Health Trust of Jackson Health Sys.*, 718 F. App'x 786, 791 (11th Cir. 2017) (holding that an attorney's notice of appearance does not waive the defense of insufficient service of process).

Because Plaintiff had not properly served the DOL despite being given multiple opportunities to do so, and more than 90 days had elapsed since Plaintiff was initially ordered to serve the DOL on October 21, 2022, the Court ordered her on January 25, 2023, to show cause within fourteen days why this case should not be dismissed due to her failure to properly serve the DOL in a timely manner. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

To date, Plaintiff has not responded to the January 25 Order and has not submitted proof she served the DOL in accordance with Federal Rule of Civil Procedure 4. Thus, the undersigned finds Plaintiff has not shown good cause for her failure to serve the DOL and no other circumstances warrant an extension of time to complete service.[4] Based on the foregoing, dismissal of this case is appropriate based on Plaintiff's failure to comply with Court orders and failure to serve the DOL in a timely manner. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (dismissal under Rule 4(m) for lack of service is appropriate when the plaintiff fails to show good cause for the failure and no other circumstances warrant an extension

---

[4] For example, Plaintiff's Freedom of Information Act claim would not be barred by the statute of limitations. *See United States v. Curry*, 641 F. App'x 607, 610 (7th Cir. 2016) ("[A] six-year statute of limitations applies to lawsuits brought under FOIA.") (citations omitted).

Case No. 5:22cv105-AW-HTC

of time based on the facts of the case); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with Court orders and failure to serve the complaint in a timely manner.

2.  That the clerk close the file.

At Pensacola, Florida, this 14th day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 5:22cv105-AW-HTC